UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ADRIAN DARCY SHAW, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17-cv-2726-SNLJ |
| AMY FITE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Adrian Darcy Shaw for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $6.95. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $34.73. The Court will therefore assess an initial partial filing fee of $6.95, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, inter alia, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."

*Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## Background

The instant complaint is the third civil rights complaint plaintiff has filed in this Court pro se and in forma pauperis since 2015, alleging wrongdoing in conjunction with being charged with and prosecuted for sexually abusing a child identified as J.B. On October 28, 2015, plaintiff filed a complaint seeking relief pursuant to 42 U.S.C. § 1983 against Detective Julie Johnson, Angela Brown, and three minor children identified by initials A.B., P.B., and J.B.[1] *Shaw v. Johnson, et al.*, Case No. 4:15-cv-1639-SNLJ (E.D. Mo. Jan. 27, 2016) (hereafter *"Shaw I."*). He sought and was granted leave to proceed in forma pauperis. Plaintiff's claims were based upon being allegedly wrongfully accused of sexually abusing J.B. On January 27, 2016, the Court dismissed the complaint after determining it was frivolous. Plaintiff filed a notice of appeal in the United States Court of Appeals for the Eighth Circuit. On April 27, 2016, the Court of Appeals issued an order affirming the district court's judgment.

On May 15, 2017, plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983 against Amy Fite, an assistant prosecuting attorney. *Shaw v. Fite*, Case No. 4:17-cv-1545-SPM (E.D. Mo. Jul. 26, 2017) (hereafter *"Shaw II."*). He sought and was granted leave to proceed in forma pauperis. Plaintiff's claims were based upon being charged with and prosecuted for sexually abusing J.B. On July 26, 2017, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e) after determining that the complaint was frivolous. Plaintiff filed a notice of appeal in

---

[1] Review of the records in that case reveals that A.B. and P.B. refer to defendants who are named in the instant action.

the United States Court of Appeals for the Eighth Circuit, but on December 14, 2017, the Court of Appeals issued an order affirming the district court's judgment.

**The Complaint**

In the case at bar, plaintiff seeks relief pursuant to 42 U.S.C. § 1983 against Amy Fite, Detective Julie Johnson, Ashley Brown, Percy Brown, Angela Brown and Douglas Torrens. In the complaint, plaintiff describes *Shaw I* and *Shaw II* in detail, noting that in those cases, he attempted to sue Johnson, his former girlfriend and her daughter, Amy Fite, and Douglas Torrens for falsely accusing/charging/prosecuting him for sexually abusing J.B. He then writes that he "would like to re-open my lawsuit if I'm able because I have an appeal in court right now to vacate, set aside and correct judgment." (Docket No. 1 at 5). He states he wants the Court to look into his case, and reinstate his life. He writes "I feel dealing with this charge on both cases I deserve something because I lost my job and residence in the process," and the "process of going through trial has put a big part of mental stress on me since trial." *Id.* He seeks $30 million in damages.

**Discussion**

Plaintiff specifically states that the instant case is an attempt to "re-open" *Shaw I* and *Shaw II*, and it is obvious that the instant complaint is an attempt to raise claims based upon the same facts as those in *Shaw I* and *Shaw II*. While the dismissal of *Shaw I* and *Shaw II* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint[s]," a § 1915(e) dismissal has res judicata effect and establishes that subsequent claims based upon the same facts are frivolous for purposes of § 1915(e). *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has

res judicata effect on future IFP petitions).  Accordingly, this Court determines the § 1915(e) dismissals of *Shaw I* and *Shaw II* have res judicata effect and establish that the instant complaint, based upon the same facts, is frivolous for § 1915(e) purposes.

As additional grounds for dismissing this action, the Court notes that plaintiff does not allege, nor is it apparent, that Ashley Brown, Percy Brown, Angela Brown or Douglas Torrens were acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law).  In addition, plaintiff fails to plead facts that would allow the Court to reasonably infer that Johnson engaged in any conduct that violated a right secured by the Constitution or laws of the United States, *Iqbal*, 556 U.S. at 678, and his claims against Fite are based upon her decision to charge him with criminal conduct and pursue criminal prosecution against him. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process).  The complaint is subject to dismissal for these reasons, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $6.95 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of December, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE